UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| JILL ABERCROMBIE, on behalf of herself, and all others similarly situated,<br><br>            Plaintiff,<br><br>   v.<br><br>TD BANK, N.A.,<br><br>            Defendant. | )<br>)<br>)<br>)<br>)  Case No.<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**<u>NOTICE OF REMOVAL</u>**

PLEASE TAKE NOTICE that Defendant TD Bank, N.A. ("TD Bank") hereby removes this putative class action pursuant to 28 U.S.C. §§ 1332 and 1446 from the Circuit Court of the Seventeenth Judicial Circuit in Broward County, State of Florida (the "State Court") to the United States District Court for the Southern District of Florida. In support of this Notice of Removal, TD Bank respectfully states as follows:

**Background**

1. Plaintiff Jill Abercrombie ("Plaintiff") commenced this action on or about June 3, 2021, by filing a Class Action Complaint with Jury Demand ("Complaint") in the State Court, captioned as *Abercrombie v. TD Bank, N.A.* The State Court assigned Case Number CACE-21-011047. A true and accurate copy of the Complaint and Summons (the only process, pleadings, or other documents served on TD Bank in the state court action) is attached hereto as Exhibit A. Plaintiff, on behalf of herself and all similarly situated TD Bank customers, challenges TD Bank's assessment of certain Overdraft Fees ("OD Fees") that she alleges were not permitted by TD Bank's Deposit Account Agreement. Specifically, Plaintiff challenges TD Bank's

assessment of OD Fees on items Plaintiff alleges were previously returned unpaid and assessed an Overdraft-Return (NSF) Fee.

2.      TD Bank was served with a copy of the Complaint and Summons on June 8, 2021.  A copy of the Summons is included in Exhibit A.

3.      Plaintiff asserts one count in the Complaint based on breach of contract and breach of the covenant of good faith and fair dealing.

4.      Plaintiff seeks "actual damages and restitution of all improperly assessed OD Fees paid to TD Bank by Abercrombie and the Class," and attorney fees, interest, and costs.  *See* Complaint, Prayer for Relief.

## Diversity Jurisdiction

5.      This Court has original jurisdiction over this matter under the Class Action Fairness Act of 2005 ("CAFA"), relevant provisions of which are codified at 28 U.S.C. § 1332(d).  Specifically, under 28 U.S.C. § 1332(d)(2), federal courts have original jurisdiction over "any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which – (A) any member of a class of plaintiffs is a citizen of a State different from any defendant; . . . ."  The claims of the putative class members are aggregated to determine the $5,000,000 amount in controversy.  28 U.S.C. § 1332(d)(6).

6.      This case meets the requirements under 28 U.S.C. § 1332(d)(2) for conferring original federal jurisdiction for the following reasons:

      a.      Plaintiff alleges she is a resident and citizen of the State of Florida.  Complaint, ¶ 6.

    b.  TD Bank is a citizen of the State of Delaware because TD Bank, N.A. is a national banking association with its main office in Delaware as designated in its articles of association.  *See Orton v. Mathews*, 572 Fed. App'x 830, 831-32 (11th Cir. 2014) (stating that a national bank "is a citizen of the state 'designated in its articles of association as its main office.'") (quoting *Wachovia Bank v. Schmidt*, 546 U.S. 303, 313, 318 (2006)).  An excerpt from the Office of the Comptroller of the Currency, List of National Banks Active as of 5/31/2021, indicating TD Bank's Delaware main office location, is attached as Exhibit B, and available at https://www.occ.treas.gov/topics/charters-and-licensing/financial-institution-lists/index-financial-institution-lists.html.

    c.  Therefore, because Plaintiff is alleged to be a citizen of Florida and TD Bank is a citizen of a different State, this action satisfies the requirement that any member of the proposed class be a citizen of a State "different from any defendant."  28 U.S.C. § 1332(d)(2)(A).  In addition, the proposed class is not limited to citizens of Delaware, and as defined would include citizens of different states.  *See* Complaint, ¶ 40 (defining putative class as "All TD Bank checking account holders in the United States who, during the applicable statute of limitations until April 1, 2021, were charged an NSF fees and an OD Fee on the same item.").

    d.  The number of members in the proposed class is greater than 100, thereby meeting the requirement of 28 U.S.C. § 1332(d)(5).  *See* Complaint, ¶ 43 ("The Class consists of thousands of members . . .").

    e.  Although TD Bank denies liability and denies Plaintiff's theories and claims of damages, the Complaint seeks class-wide damages, in the aggregate, that exceed the $5,000,000 amount in controversy requirement set forth in 28 U.S.C. § 1332(d)(2).  The Complaint seeks actual damages and restitution on behalf of putative class members nationwide

who were charged allegedly improper OD Fees during the applicable statute of limitations period until April 1, 2021. Solely for the purposes of establishing the amount in controversy for CAFA jurisdiction, TD Bank states that the amount of OD Fees charged to putative class members in the scenario alleged by Plaintiff exceeds $5,000,000.[1]

7. This Notice of Removal is being filed within thirty days of June 8, 2021, the date on which TD Bank was served with a copy of the Summons and Complaint. *See* Exhibit A. Pursuant to Fed. R. Civ. P. 6(a) and 28 U.S.C. § 1446(b), the Notice is timely. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999).

8. Because TD Bank has timely filed this notice of removal, and the requirements of 28 U.S.C. § 1332(d) are satisfied, removal of the case to this Court is proper.

## Venue

9. The United States District Court for the Southern District of Florida is the federal judicial district embracing the State Court where Plaintiff originally filed this suit. *See* 28 U.S.C. § 1441(a).

## Miscellaneous

10. Pursuant to 28 U.S.C. § 1446(d), TD Bank will provide Plaintiff with written notice of this filing and will provide the State Court with a copy of such notice.

---

[1] "[A]s specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014).

**WHEREFORE,** TD Bank, by and through counsel, and through the filing of this Notice of Removal, the giving of written notice thereof to Plaintiff, and the filing of a copy of this Notice of Removal with the clerk of the State Court, effects the removal of said civil action to this Honorable Court.

Dated:  July 6, 2021

Respectfully submitted,

s/ Jamie Zysk Isani
Jamie Zysk Isani
Florida Bar No. 728861
Crystal B. Carswell
Florida Bar No. 108882
HUNTON ANDREWS KURTH LLP
333 S.E. 2nd Avenue, Suite 2400
Miami, FL 33131
Telephone: (305) 810-2500
Facsimile: (305) 810-2460
jisani@huntonak.com
ccarswell@huntonak.com

Lucus A. Ritchie, Esq.
*Pro hac vice motion forthcoming*
PIERCE ATWOOD LLP
Merrill's Wharf
254 Commercial Street
Portland, Maine 04101
Telephone (207) 791-1342
lritchie@pierceatwood.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 6, 2021, a true and correct copy of the foregoing was served via email and U.S. Mail on Plaintiff's counsel at the addresses below:

>Jeff Ostrow
>Jonathan M. Streisfeld
>KOPELOWITZ OSTROW P.A.
>One W. Las Olas Blvd., Suite 500
>Fort Lauderdale, Florida 33301
>Telephone: (954) 525-4100
>Facsimile: (954) 525-4300
>ostrow@kolawyers.com
>streisfeld@kolawyers.com
>
>Lynn Toops
>COHEN & MALAD, LLP
>One Indiana Square, Suite 1400
>Indianapolis, IN 46204
>Telephone: (317) 636-6481
>ltoops@cohenandmalad.com