# EXHIBIT B

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
CASE NO. 0:21-cv-61376-JEM

JILL ABERCROMBIE, on behalf of herself )
and all others similarly situated, )
 )
        Plaintiff, )
 )
v. )
 )
TD BANK, N.A., )
 )
        Defendant. )

## [PROPOSED] FINAL APPROVAL ORDER

Plaintiff, Jill Abercrombie, and Defendant, TD Bank, N.A., by their respective counsel, have submitted a Settlement Agreement and Releases (the "Settlement") to this Court, and Plaintiff has moved under Federal Rule of Civil Procedure 23(e) for an order: (1) certifying the Settlement Class for purposes of settlement only; and (2) granting final approval to the Settlement. The Court has considered the terms of the Settlement, the exhibits to the Settlement, the record of proceedings, and all papers and arguments submitted in support, and any objections, and now finds that the motion should be, and hereby is, **GRANTED**.

**ACCORDINGLY, THE COURT FINDS AND ORDERS:**

1.     This Court has jurisdiction over the subject matter of this lawsuit and jurisdiction over the Plaintiff and Defendant (the "Parties").

2.     Capitalized terms not otherwise defined in this Order have the definitions set forth in the Settlement.

**SUMMARY OF THE LITIGATION AND SETTLEMENT**

3.     On June 3, 2021, Plaintiff filed her Class Action Complaint alleging claims relating to Defendant's practice of charging overdraft fees on checks and Automated Clearing House

("ACH") transactions that were paid by Defendant despite insufficient funds in an Account after having been re-submitted by a merchant or other third party after having been previously returned unpaid by Defendant for insufficient funds. Plaintiff claimed this practice breached her contract with Defendant.

4. On July 6, 2021, Defendant filed a Notice of Removal under 28 U.S.C. § 1146, removing the action to this Court. On August 13, 2021, Defendant filed a Motion to Dismiss Class Action Complaint to which Plaintiff responded on September 10, 2021.

5. The Parties engaged in informal discovery and settlement discussions, and signed a term sheet on September 15, 2021. They then negotiated the detailed Settlement and exhibits that are now before the Court.

6. The Settlement provides, among other things, that as consideration for the release of claims from Settlement Class Members, Defendant will pay $4,245,000.00 into a Settlement Fund. The Settlement Fund (after deducting Court-approved costs) will be distributed pro rata to Settlement Class Members in accordance with the procedures in the Settlement. Settlement Class Members who have a current account with Defendant will receive their payments by a credit to their accounts, while Settlement Class Members whose accounts are closed will be mailed a check. Settlement Class Members are not required to submit a claim in order to receive any of this relief.

## NOTICE OF THE SETTLEMENT

7. The Settlement Administrator has provided a declaration showing that the Notice Program was administered in accordance with the Settlement and the Preliminary Approval Order. The Court therefore finds that the Notice Program constituted the best notice practicable under the circumstances and fully satisfies the requirements of Federal Rule of Civil Procedure 23 and Due Process. The Court also finds that the requirements of 28 U.S.C. § 1715 have been satisfied.

**FINAL APPROVAL**

8. Federal Rule of Civil Procedure 23(e) requires court approval of class action settlements. The final stage in the process requires the Court to find that the settlement is "fair, reasonable, and adequate" and that the Settlement Class meets the requirements for class certification under Federal Rule of Civil Procedure 23(a) and one subsection of 23(b), here subsection 23(b)(3). Fed. R. Civ. P. 23(e). The Court finds that each of these requirements is met.

**I.     The Settlement is "fair, reasonable, and adequate."**

9. Under Rule 23(e), approval should be given so long as the settlement is "fair, adequate and reasonable and is not the product of collusion between the parties." *Bennett v. Behring Corp.*, 737 F.2d 982, 986 (11th Cir. 1984) (internal quotation marks omitted). The Court "should always review the proposed settlement in light of the strong judicial policy that favors settlements." *Id.* (citations omitted). The Court may rely on the judgment of experienced class counsel and "absent fraud, collusion, or the like, should be hesitant to substitute its own judgment for that of counsel." *Cotton v. Hinton*, 559 F.2d 1326, 1330 (5th Cir. 1977) (citation omitted). Settlement "has special importance in class actions with their notable uncertainty, difficulties of proof, and length. Settlements of complex cases contribute greatly to the efficient use of judicial resources, and achieve the speedy resolution of justice[.]" *Turner v. Gen. Elec. Co.*, No. 2:05-CV-186-FTM-99DNF, 2006 WL 2620275, at *2 (M.D. Fla. Sept. 13, 2006). For these reasons, "[p]ublic policy strongly favors the pretrial settlement of class action lawsuits.*" In re U.S. Oil & Gas Litig.*, 967 F.2d 489, 493 (11th Cir. 1992).

10. Under Federal Rule of Civil Procedure 23(e)(2), as amended in December 2018, in considering whether a proposed settlement is "fair, reasonable, and adequate," the Court considers whether:

(A) the class representatives and class counsel have adequately represented the class;

    (B) the proposal was negotiated at arm's length;

    (C) the relief provided for the class is adequate, taking into account:

        (i) the costs, risks, and delay of trial and appeal;

        (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;

        (iii) the terms of any proposed award of attorney's fees, including timing of payment; and

        (iv) any agreement required to be identified under Rule 23(e)(3); and

    (D) the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2).

    11.    Under this standard, the Court finds that the Settlement is "fair, reasonable, and adequate." The Settlement is procedurally fair, reasonable, and adequate in that the Class Representative and Class Counsel have adequately represented the Settlement Class in litigating the merits of the dispute and in obtaining a Settlement of significant value through arm's-length negotiations by sophisticated counsel. Fed. R. Civ. P. 23(e)(2)(A)–(B). Likewise, the Settlement is substantively fair, reasonable, and adequate in that the relief provided is substantial particularly when taking into account the costs, risks, and delays of trial. Fed. R. Civ. P. 23(e)(2)(C). The proposed method of distributing relief to the Settlement Class Members is through direct deposits or direct mailed check, meaning Settlement Class Members do not need to make a claim and will receive payments. *Id.* Finally, he proposal treats Settlement Class Members equitably relative to one another because the amount of recovery is based on the amount of alleged Retry OD Fees, and settlement payments will be pro rata based on the number of Retry OD Fees assessed to a Settlement Class Member's Account, meaning Settlement Class Members who allegedly incurred

more damages will receive more under the Settlement. Fed. R. Civ. P. 23(e)(2)(D).  Attorneys' fees will be separately determined by the Court.

## II. The Settlement Class meets the requirements for class certification for purposes of entering judgment on the Settlement.

12. The Court further finds that the Settlement Class meets the requirements for class certification for settlement purposes under Federal Rule of Civil Procedure 23(a) (numerosity, commonality, typicality, and adequacy) and Federal Rule of Civil Procedure 23(b)(3) (predominance and superiority).

13. The Court certifies, for settlement purposes only, the following Settlement Class pursuant to Federal Rule of Civil Procedure 23:

> All current and former holders of TD Bank, N.A. consumer checking Accounts who, from June 1, 2015 through April 30, 2021, were assessed at least one Retry OD Fee. Excluded from the Settlement Class are Defendant, its parents, subsidiaries, affiliates, officers and directors; all Settlement Class members who make a timely election to be excluded; and all judges assigned to this litigation and their immediate family members.

14. Specifically, the Court finds for settlement purposes that the Settlement Class satisfies the following requirements of Federal Rule of Civil Procedure 23:

(a)(1) <u>Numerosity</u>: There are thousands of members of the Settlement Class spread across numerous states. Joinder is therefore impracticable. *Cheney v. Cyberguard Corp.*, 213 F.R.D. 484, 490 (S.D. Fla. 2003) ("The Eleventh Circuit has held that "[g]enerally, less than twenty-one is inadequate, more than forty adequate.") (quoting *Cox v. Am. Cast Iron Pipe Co.*, 784 F.2d 1546, 1553 (11th Cir. 1986)).

(a)(2) <u>Commonality</u>: Under Rule 23(a)(2), a party must show that the claims rest on a "common contention." *Wal-Mart Stores, Inc. v. Dukes*, 564 U. S. 338, 350 (2011). Here, the commonality requirement is satisfied for settlement purposes because there are multiple

questions of law and fact that center on Defendant's class-wide fee policies and practices and are common to the Settlement Class.

(a)(3) <u>Typicality</u>: The Class Representative's claims are typical of the claims of the Settlement Class. The Class Representative's claim is that she was allegedly charged multiple OD fees on a single item, which she alleges violated Defendant's standard form contract. These are the same claims as the claims of the Settlement Class. A*lhassid v. Bank of America, N.A.*, 307 F.R.D. 684, 697 (S.D. Fla. 2015) ("the typicality requirement is permissive: representative claims are 'typical' if they are reasonably co-extensive with those of absent class members; they need not be substantially identical.").

(a)(4) <u>Adequacy</u>: The Class Representative fairly and adequately protected the interests of the Settlement Class because she shares the same claims as the Settlement Class, has no interests in conflict with the Settlement Class, and Class Counsel is qualified to conduct the litigation. *Justice v. Rheem Mfg. Co.*, 318 F.R.D. 687, 695 (S.D. Fla. 2016) (finding adequacy where "Plaintiffs assert that there are no conflicts between the Plaintiffs and the proposed class" and "[t]he Court has no reason to believe that the Named Plaintiffs and their counsel would not adequately protect the interests of the class.").

15.    (b)(3) <u>Predominance and Superiority</u>: Rule 23(b)(3) is satisfied for settlement purposes, as well, because the common legal and alleged factual issues here predominate over individualized issues, and resolution of the common issues for thousands of members of the Settlement Class in a single, coordinated proceeding is superior to thousands of individual lawsuits addressing the same legal and factual issues. With respect to predominance, Rule 23(b)(3) requires that the proposed class be sufficiently cohesive to warrant adjudication by representation. *Tyson Foods, Inc. v. Bouaphakeo,* 136 S. Ct. 1036, 1045 (2016). Rule 23(b)(3) also requires Plaintiffs to

demonstrate that "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." *See* Fed. R. Civ. P. 23(b)(3). Here, the predominance requirement is satisfied here for settlement purposes because common questions present a significant aspect of the case and can be resolved for all members of the Settlement Class in a single common judgment. *Klay v. Humana, Inc.*, 382 F.3d 1241, 1254 (11th Cir. 2004) (holding that for Rule 23(b)(3) predominance, "it is not necessary that all questions of law or fact be common, but only that some questions are common and that they predominate over the individual questions."). Further, resolving the claims of the members of the Settlement Class in one proceeding is superior to multiple class actions clogging up the Court's docket. *See Jackson v. Motel 6 Multipurpose Inc.*, 130 F.3d 999, 1006 (11th Cir. 1997) (superiority is satisfied where there will be "increased efficiency" through the class mechanism).

16. Accordingly, pursuant to Fed. R. Civ. P. 23(e), the Court hereby finally approves, in all respects, the proposed settlement and finds that the Settlement Agreement (including the Releases) and the plan for distributing the settlement funds are in all respects fair, reasonable, and adequate, and are in the best interests of the Settlement Class. The Court therefore directs the parties to implement all aspects of the Settlement triggered by such final approval.

## DISTRIBUTION OF NET SETTLEMENT FUND

17. The Court hereby approves the distribution of the Net Settlement Fund as set forth in the Settlement. The Court orders the Parties and the Settlement Administrator to implement all payments as set forth in the Settlement.

## RELEASE

18. The Releasing Parties have fully and irrevocably released and forever discharged Defendant and each of its present and former parents, subsidiaries, divisions, affiliates, predecessors, successors and assigns, and the present and former directors, officers, employees,

agents, insurers, members, attorneys, advisors, consultants, representatives, partners, joint venturers, independent contractors, wholesalers, resellers, distributors, retailers, predecessors, successors and assigns of each of them ("Released Parties"), of and from any and all liabilities, rights, claims, actions, causes of action, demands, damages, costs, attorneys' fees, losses and remedies, whether known or unknown, existing or potential, suspected or unsuspected, liquidated or unliquidated, legal, statutory, or equitable, based on contract, tort or any other theory, that result from, arise out of, are based upon, or relate (directly or indirectly) to the conduct, omissions, duties or matters up to and including the date of Preliminary Approval that were or could have been alleged in the Action by Plaintiff or by any other Members of the Settlement Class relating in any way to the assessment of Retry OD Fees ("Released Claims"), including, without limitation, any claims, actions, causes of action, demands, damages, losses, or remedies relating to, based upon, resulting from, or arising out of Defendant's practices, policies and procedures related to the authorization, processing, payment, return and/or rejection of an item or any failure to adequately or clearly disclose, in one or more contracts, agreements, disclosures, or other written materials, through oral communications, or in any other manner overdraft fee practices.

19. No Releasing Party (Plaintiff of any other Settlement Class Member), either directly, representatively, or in any other capacity, shall commence, continue, or prosecute any action or proceeding in any court or tribunal asserting any of the Released Claims, and they are hereby permanently enjoined from so proceeding.

## OTHER PROVISIONS

20. Without affecting the finality of this Order or the separately issued Final Judgment, the Court retains continuing and exclusive jurisdiction over all matters relating to the

administration, consummation, enforcement, and interpretation of the Settlement Agreement and of this Order, to protect and effectuate this Order and Final Judgment, and for any other necessary purpose. The Plaintiff, Defendant, and each Member of the Settlement Class are hereby deemed to have irrevocably submitted to the exclusive jurisdiction of this Court, for the purpose of any suit, action, proceeding, or dispute arising out of or relating to the Settlement, including the exhibits thereto, and only for such purposes. Without limiting the generality of the foregoing, and without affecting the finality of this Order or Final Judgment, the Court retains exclusive jurisdiction over any such suit, action, or proceeding. Solely for purposes of such suit, action, or proceeding, to the fullest extent they may effectively do so under applicable law, the parties hereto are deemed to have irrecoverably waived and agreed not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of this Court, or that this Court is, in any way, an improper venue or an inconvenient forum.

21. The Settlement does not constitute an admission, concession, or indication by Defendant of the validity of any claims in this Action or of any wrongdoing, liability, or violation of law by Defendant. To the contrary, Defendant has advised the Court that it believes it is without any liability whatsoever for any of the claims included in the Settlement and is participating in the Settlement to put an end to all such claims and the risks and expense of protracted litigation.

22. Each and every provision of the Settlement Agreement shall be deemed incorporated herein as if expressly set forth and shall have the full force and effect of an Order of this Court.

23. In reviewing the Settlement proposal, the Court finds reasonable and approves Defendant's $5,000 payment to Plaintiff for a general release of claims that is broader than the

release given by the Settlement Class ("General Release Payment"). The General Release Payment will be paid from funds outside the Settlement Fund, pursuant to the terms of the Individual Settlement Agreement and Release submitted to the Court.

## JUDGMENT

24.     This Order resolves all issues in this lawsuit as between all parties and therefore constitutes a final judgment. Pursuant to Federal Rule of Civil Procedure 58(a), the Court will enter Final Judgment dismissing the Action with prejudice in a separate document and direct the Clerk of this Court to close the case. The judgment shall dismiss this Action with prejudice as to all parties and all Settlement Class Members, each side to bear its own fees and costs except as otherwise provided in the Settlement Agreement and this Order.

DONE AND ORDERED in Chambers at Miami, Florida, this ____ day of _____, 2022.

_____
HONORABLE JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Magistrate Judge Snow
All Counsel of Record