UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case Number: 21-61376-CV-MARTINEZ

JILL ABERCROMBIE, on behalf of
herself and all others similarly situated,

    Plaintiff,

v.

TD BANK, N.A.,

    Defendant.
_____/

## ORDER GRANTING UNOPPOSED MOTION FOR FINAL APPROVAL OF SETTLEMENT, GRANTING IN PART CLASS COUNSEL'S APPLICATION FOR ATTORNEYS' FEES, AND FINAL JUDGMENT AND DISMISSAL WITH PREJUDICE

**THIS CAUSE** came before this Court on Plaintiff's Motion for Final Approval of Class Action Settlement (the "Motion for Final Approval"), (ECF No. 34), and Plaintiff's Motion for Award of Attorneys' Fees to Class Counsel and Service Award from Class Action Settlement Fund and to Approve Separate Settlement Payment to Plaintiff (the "Motion for Attorneys' Fees"), (ECF No. 33).

In this class action, Plaintiff Jill Abercrombie, as class representative, and Defendant TD Bank, N.A. have agreed to a proposed class settlement, the terms and conditions of which are set forth in an executed Settlement Agreement, which was submitted to this Court for final approval (the "Settlement Agreement").[1] (*See* ECF No. 28-1.) On March 25, 2022, this Court granted preliminary approval of the proposed class action settlement set forth in the Settlement Agreement

---

[1] The capitalized terms in this Order shall refer to the defined terms in the Settlement Agreement.

between Plaintiff, on behalf of herself and all members of the Settlement Class, and Defendant (collectively, the "Parties"). (ECF No. 31.)

This Court also provisionally certified the Settlement Class for settlement purposes, approved the procedure for giving Class Notice to the members of the Settlement Class, and set a Final Approval Hearing to take place on September 7, 2022, at 11:00 a.m. (*Id.*) On August 26, 2022, this Court continued the Final Approval Hearing to October 7, 2022, (ECF No. 36), and on October 5, 2022, after conferring with the Parties' counsel, this Court reset the Final Approval Hearing for November 17, 2022, at 11:00 a.m., (ECF No. 37).

On August 2, 2022, Plaintiff filed the Motion for Final Approval, (ECF No. 34), and Motion for Award of Attorneys' Fees, (ECF No. 33). This Court set July 23, 2022, as the deadline for Settlement Class Members to opt out of or object to the settlement. *See Johnson v. NPAS Sols., LLC*, 975 F.3d 1244 (11th Cir. 2020), *reh'g denied*, 975 F.3d 1238, 1238 (11th Cir. 2022) (holding that trial court erred when it ordered objections to settlement due before counsel's motion for fees and costs). This Court received no objections after over 214,000 of the members of the Settlement Class received notice. (ECF No. 34-1.) Indeed, only two members of the Settlement Class opted out of the settlement as identified in Exhibit 1 to this Order.

On November 17, 2022, at 11:00 a.m., this Court held a duly noticed Final Approval Hearing to consider: (1) whether the terms and conditions of the proposed Settlement are fair, reasonable, and adequate; (2) whether a judgment should be entered dismissing this Action with prejudice in favor of Defendants and against members of the Settlement Class who have not requested exclusion from the Settlement Class; and (3) whether and in what amount lead counsel should be awarded attorneys' fees. (ECF No. 38.) Counsel for the Parties were present, and no objectors appeared.

This Court has reviewed and considered the Settlement Agreement, pertinent portions of the record, proceedings held before this Court concerning settlement approval, and applicable law and is otherwise fully advised of the premises. Accordingly, after careful consideration, this Court concludes that the Settlement provides an excellent result for the Settlement Class under the circumstances and challenges presented by this lawsuit. The Settlement is fair, adequate, reasonable, and an acceptable compromise of the Settlement Class's claims. Further, the Settlement Agreement complies with Federal Rule of Civil Procedure 23(e); therefore, this Court grants Final Approval of the Settlement Agreement, certifies the Settlement Class, awards attorneys' fees to Class Counsel as set forth herein, denies Plaintiff's request for a Service Award, and denies the Parties' request to approve a separate settlement agreement.

## BACKGROUND

On June 3, 2021, Plaintiff filed her Class Action Complaint alleging claims relating to Defendant's practice of charging overdraft fees on checks and Automated Clearing House ("ACH") transactions that were paid by Defendant despite insufficient funds in an Account after having been re-submitted by a merchant or other third party after having been previously returned unpaid by Defendant for insufficient funds. (*See* ECF No. 1-2.) Plaintiff claimed this practice breached her contract with Defendant. (*Id.*)

On July 6, 2021, Defendant filed a Notice of Removal under 28 U.S.C. § 1146, removing the action to this Court. (ECF No. 1.) On August 13, 2021, Defendant filed a Motion to Dismiss Class Action Complaint, (ECF No. 19), to which Plaintiff responded on September 10, 2021, (ECF No. 22.)

Thereafter, the Parties engaged in informal discovery and settlement discussions and signed a term sheet on September 15, 2021, (*see* ECF No. 23); they then negotiated the detailed

3

Settlement Agreement and exhibits that are now before the Court, (ECF No. 28-1). Plaintiff then moved for preliminary approval of the Settlement Agreement, highlighting that the Settlement Class would obtain approximately 33% of their anticipated recoverable damages that Plaintiff argued were at issue in this matter and over 80% of the maximum damages Defendant argued could be available in this matter after factoring in the release of claims in another class action settlement involving Defendant. (ECF No. 28 at 1–2.)

The Settlement Agreement provides, among other things, that as consideration for the release of claims arising from this dispute from the Settlement Class, Defendant will pay $4,245,000.00 into a Settlement Fund. (ECF No. 28-1 § IV.) The Settlement Class is defined as

> All current and former holders of TD Bank, N.A. consumer checking accounts who, from June 1, 2015 through and including April 30, 2021, were assessed at least one Retry OD Fee. Excluded from the Settlement Class are Defendants, its parents, subsidiaries, affiliates, officers and directors; all Settlement Class members who make a timely election to be excluded; and all judges assigned to this litigation and their immediate family members.

(*Id.* ¶ 50.) The Settlement Administrator will distribute the Settlement Fund (after deducting Court-approved costs) to Settlement Class Members within ninety days of this Order in accordance with the procedures in the Settlement Agreement. (*Id.*) Settlement Class Members who have a current account with Defendant will receive their payments by a credit to their accounts, and Settlement Class Members whose accounts are closed will be mailed a check. (*Id.*) Members of the Settlement Class are not required to submit a claim in order to receive any of this relief. (*Id.*)

On March 25, 2022, this Court granted Preliminary Approval of the Settlement Agreement. (ECF No. 31.) In response, Defendant provided the Settlement Administrator with an electronic file containing potential Settlement Class Member records. (ECF No. 34-1 ¶ 5.) The electronic file contained 216,367 rows of names, addresses, and relevant fees assessed for potential

Settlement Class Members, (*id.* ¶ 5), from which the Settlement Administrator extracted 214,764 unique Settlement Class Member records, (*id.* ¶ 6).

The Settlement Administrator sent an Email Notice to 156,781 potentially valid emails to the Settlement Class Members, of which 139,556 were delivered and 17,225 were undeliverable. (*Id.* ¶ 10.) When the Email Notice "bounded back" as undeliverable, the Settlement Administrator promptly sent Postcard Notices to each of the 17,225 Settlement Class Members. (*Id.* ¶ 11.) Of the 17,255 Postcard Notices, 167 were undeliverable as of August 2, 2022. (*Id.*) The Settlement Administrator also mailed Postcard Notices to the 57,647 Settlement Class Members for whom Defendant did not provide a valid email address. (*Id.* ¶ 15.) Of those, 57,647 Postcard Notices, 555 were returned by the United States Postal Service with forwarding information, (*id.* ¶ 16), and 4,356 were returned without forwarding address information, (*id.* ¶ 17). The Settlement Administrator resent Postcard Notices to the 555 Settlement Class Members for whom USPS provided a forwarding address. (*Id.* ¶ 16.) Of the 4,356 Postcard Notices that were returned without forwarding information, the Settlement Administrator was able to identify 2,418 new addresses for those Settlement Class Members, and the Settlement Administrator remailed the Postcard Notices to those addresses. (*Id.* ¶ 17.)

Ultimately, the Settlement Administrator sent an Email Notice or Postcard Notice to 214,428 out of 214,764 Settlement Class Members, a 98.24% delivery rate. (*Id.* ¶ 18.) And, as Counsel confirmed at the Final Approval Hearing, only two Settlement Class Members opted out, and there have been no objections to the Settlement Agreement. (*Id.* ¶¶ 23–24.)

Both the Email Notice and Postcard Notice provided Settlement Class Members with a link to the Settlement Website (www.abercrombieoverdraftfeesettlement.com), which contains information related to this Action, including important documents such as the Long Form Notice

in English and Spanish, Postcard Notice in English and Spanish, Settlement Agreement, Preliminary Approval Order, and pertinent deadlines by which the Settlement Class Members were to act, including the date of the rescheduled Final Approval Hearing. (*Id.* ¶ 19.) As of August 1, 2022, the Settlement Website was visited by 7,210 unique visitors. (*Id.* ¶ 20.) The Settlement Administrator also maintained a Toll-Free Information Line, which has received 957 calls. (*Id.* ¶¶ 21–22.)

As explained herein, this Court finds that the Parties effectively administered the Notice Program, which put the Settlement Class Members on notice of the terms of the Settlement Agreement, the procedures for objecting to and opting out of the Settlement, and the rights the Settlement Class Members would forfeit by remaining a part of the Settlement.

## DISCUSSION

Federal Rule of Civil Procedure 23(e) "requires that a settlement or compromise of a class action be approved by the district court." *Bennett v. Behring Corp.*, 737 F.2d 982, 985 (11th Cir. 1984). When evaluating whether approval is appropriate, this Court recognizes that "[p]ublic policy strongly favors the pretrial settlement of class action lawsuits." *In re United States Oil & Gas Litig.*, 967 F.2d 489, 493 (11th Cir. 1992); *Ferron v. Kraft Heinz Foods Co.*, No. 20-CV-62136, 2021 WL 2940240, at *13 (S.D. Fla. July 13, 2021) ("As a matter of public policy, courts favor settlements of class actions for their earlier resolution of complex claims and issues, which promotes the efficient use of judicial and private resources." (citing *Bennett*, 737 F.2d at 986)). Moreover, this Court is "not called upon to determine whether the settlement reached by the parties is the best possible deal, nor whether class members will receive as much from a settlement as they might have recovered from victory at trial." *Jairam v. Colourpop Cosmetics, LLC*, No. 19-CV-

62438, 2020 WL 5848620, at *5 (S.D. Fla. Oct. 1, 2020) (quoting *In re Mex. Money Transfer Litig.*, 164 F. Supp. 2d 1002, 1014 (N.D. Ill. 2000)).

In deciding whether to enter Final Approval of the Settlement, this Court considers whether (1) the Court has jurisdiction over the subject matter and parties; (2) the Notice Program was reasonably calculated to apprise interested parties of the action and afford them an opportunity to object; (3) the settlement is fair, reasonable, and adequate; and (4) Class Counsel's request for attorneys' fees and litigation expenses is reasonable. This Court finds that each of these inquiries is satisfied here. This Court, however, denies Plaintiff's request for a Service Award request due to recent Eleventh Circuit precedent and denies Plaintiff's request for approval of a separate settlement between Plaintiff and Defendant. *See Johnson*, 975 F.3d at 1255-61.

### 1. This Court's Exercise of Jurisdiction is Proper

This Court has subject matter jurisdiction over this Action pursuant to 28 U.S.C. § 1332(d)(2). This Court also has personal jurisdiction over the Parties and personal jurisdiction over the Settlement Class Members because "its members were provided with proper notice of the proposed Settlement, its consequences, their right to be excluded, and their right to be heard." *See David v. Am. Suzuki Motor Corp.*, No. 08-CV-22278, 2010 WL 1628362, at *2 (S.D. Fla. Apr. 15, 2010).

### 2. The Settlement Class Received the Best Notice Practicable & Notice was Reasonably Calculated to Inform Class Members of Their Rights

Class actions certified under Federal Rule of Civil Procedure 23(b)(3) require members "receive the best notice that is practicable under the circumstances." *Saccoccio v. JP Morgan Chase Bank, N.A.*, 297 F.R.D. 683, 691 (S.D. Fla. 2014) (citing Fed. R. Civ. P. 23(c)(2)(B)). Moreover, Rule 23(e) "requires absent class members be informed when the lawsuit is in the process of being voluntarily dismissed or compromised" and receive notice that is "reasonably

7

calculated, under the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id.*

As explained above, notice of the Settlement in the form approved by the Court in its Preliminary Approval Order was sent to all Settlement Class Members by mail or email. (ECF No. 34-1 ¶ 18.) As of August 1, 2022, 98.4% of the Settlement Class Members received the Email Notice or Postcard Notice. (*Id.*) The Notice Program, among other information, described the dispute in basic terms, how to opt out or object to the Settlement, and stated that if the Class Member did not request to be excluded from the Settlement, the Class Member would release his right to bring any claim covered by the Settlement. The Notice Program also informed the Settlement Class Members that, at the Final Approval Hearing, this Court would consider whether to grant Class Counsel up to 33.33% of the Settlement Fund for attorneys' fees. (*Id.*) Accordingly, this Court finds that the Notice Program was "the best practicable, [and] 'reasonably calculated under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *See Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 812 (1985) (holding that "notice should describe the action and the plaintiffs' rights in it").

3. **The Settlement is Fair, Reasonable, and adequate."**

Under Rule 23(e), approval should be given so long as the settlement is "fair, adequate and reasonable and is not the product of collusion between the parties." *Bennett*, 737 F.2d at 986. The Court "should always review the proposed settlement in light of the strong judicial policy that favors settlements." *Id.* (citations omitted). This Court may rely on the judgment of experienced class counsel and "absent fraud, collusion, or the like, should be hesitant to substitute its own judgment for that of counsel." *Cotton v. Hinton*, 559 F.2d 1326, 1330 (5th Cir. 1977). Settlement "has special importance in class actions with their notable uncertainty, difficulties of proof, and

length. Settlements of complex cases contribute greatly to the efficient use of judicial resources and achieve the speedy resolution of justice . . . ." *Turner v. Gen. Elec. Co.*, No. 2:05-CV-186, 2006 WL 2620275, at *2 (M.D. Fla. Sept. 13, 2006). For these reasons, "[p]ublic policy strongly favors the pretrial settlement of class action lawsuits." *In re U.S. Oil & Gas Litig.*, 967 F.2d 489, 493 (11th Cir. 1992).

Courts in the Eleventh Circuit evaluate the following six factors in determining whether to approve a class action settlement:

> (1) the existence of fraud or collusion among the parties in reaching the settlement; (2) the complexity, expense, and duration of the litigation; (3) the stage of proceedings at which the settlement was achieved and the amount of discovery completed; (4) the probability of the plaintiffs' success on the merits; (5) the range of possible recovery; and (6) the opinions of class counsel, the class representatives, and the substance and amount of opposition to the settlement.

*Janicijevic v. Classica Cruise Operator, Ltd.*, 20-cv-23223, 2021 WL 2012366, at *3 (S.D. Fla. May 19, 2021) (citing *Leverso v. Southtrust Bank*, 18 F.3d 1527, 1530 n.6 (11th Cir. 1994)). Under this standard, this Court finds that the Settlement is "fair, reasonable, and adequate."

The Settlement is procedurally fair, reasonable, and adequate in that the Class Representative and Class Counsel have adequately represented the Settlement Class in litigating the merits of the dispute and in obtaining a Settlement of significant value through arm's-length negotiations by sophisticated counsel. Fed. R. Civ. P. 23(e)(2)(A)–(B). Likewise, the Settlement is substantively fair, reasonable, and adequate in that the relief provided is substantial, particularly when taking into account the costs, risks, and delays of trial. Fed. R. Civ. P. 23(e)(2)(C). Here, it is not clear that Plaintiff would have prevailed at trial. The Parties also settled before this Court ruled on Defendant's motion to dismiss, which, if granted, would have resulted in Plaintiff recovering nothing from this matter. Even were Plaintiff's claim to have survived Defendant's motion, Defendant had significant arguments it could have raised on summary judgment. Facing

this litigation risk, the Settlement is a fair compromise. *See Ressler v. Jacobson*, 822 F. Supp. 1551, 1555 (M.D. Fla. 1992) ("When the potential legal difficulties of plaintiff's case . . . are added to the unpredictability of a lengthy and complex jury trial, the benefits to the class of the present settlement become all the more apparent.").

The amount negotiated for the common fund is also notable as it represents more than 80% of what Defendant believed could have been the Settlement Class's recovery. (ECF No. 34 at 10.) While the Settlement Fund represents approximately 33% of Plaintiff's estimate of the maximum damages at issue, the Settlement is fair and reasonable in light of Defendant's defenses. Moreover, the proposed method of distributing relief to the Settlement Class Members is through direct deposits or mailed checks, meaning Settlement Class Members do not need to make a claim to receive payments. Finally, the proposal treats Settlement Class Members equitably relative to one another because the amount of recovery is based on the amount of alleged Retry OD Fees, and settlement payments will be pro rata based on the number of Retry OD Fees assessed to a Settlement Class Member's Account, meaning Settlement Class Members who allegedly incurred more damages will receive more under the Settlement. Fed. R. Civ. P. 23(e)(2)(D).

The Settlement Class's reaction to the Settlement is an important factor in this Court's determination. *See Saccoccio*, 297 F.R.D. at 694. Here, there has been no opposition to the Settlement, and only two Settlement Class Members chose to opt out. (ECF No. 34 at 5.) The "great weight" this Court gives to the lack of opposition to the Settlement, is evidence of the fairness, reasonableness, and adequacy of the Settlement. *See Jairam*, 2020 WL 5848620, at *7 ("Here, there were no objections filed to the Settlement. This lack of opposition weighs strongly in favor of the Court's approval of the Agreement."); *M.D. v. Centene Corp.*, No. 18-cv-22372, 2020 WL 7585033, at *7 (S.D. Fla. June 12, 2020) ("After Notice was provided, there were no

10

objections to the Settlement and only one opt-out request was received. This positive response from the Class Members evidences the fairness, reasonableness, and adequacy of the Settlement.").

In sum, considering the relevant factors, the Court finds that the Settlement is fair, adequate, and reasonable.

### 4. The Settlement Class Meets the Requirements for Class Certification for Purposes of Entering Judgment on the Settlement.

The Court previously found the requirements of Rule 23(a) and 23(b)(3) satisfied when it granted Preliminary Approval to the Settlement. (ECF No. 31 at 6–8.) This Court reiterates its findings, for settlement purposes only, that: (a) the Settlement Class, as defined, is so numerous that joinder of all members is impracticable; (b) there are questions of law or fact common to the Settlement Class; (c) the claims of Plaintiff are typical of the claims of the Settlement Class; (d) the Class Representative and Class Counsel will fairly and adequately protect the interests of the Settlement Class Members; (e) Plaintiff alleges that Defendant has acted on grounds that apply generally to the class; (f) the questions of law or fact common to the Settlement Class predominate over the questions affecting on individual Settlement Class Members; and (g) certification of the Settlement Class is superior to the other methods for the fair and efficient adjudication of the controversy. This Court, therefore, certifies the Settlement Class as defined in the Settlement Agreement.

### 5. Plaintiff's Application for a Service Award for the Class Representative is Denied

Class Counsel requested a Service Award of $5,000.00 for the Class Representative, "if the Eleventh Circuit vacates *Johnson* [*v. NPAS Sols., LLC*, 975 F.3d 1244 (11th Cir. 2020),] before Final Approval is granted . . . ." (ECF No. 33 at 10–11.) At the Final Approval Hearing, Class Counsel withdrew this request. Regardless, for posterity's sake, this Court denies the request

because the law in this Circuit is clear that incentive awards "that compensate a class representative for [her] time and rewards her for bringing a lawsuit" are prohibited. *See Johnson*, 975 F.3d at 1260.

### 6. Plaintiff's Application to Allow and Approve the Separate Payment to Plaintiff Pursuant to the Separate Individual Agreement with Defendant is Denied

Class Counsel also requested that this Court allow and approve a separate payment of $5,000.00 to Plaintiff by Defendant "separate and apart from the settlement fund in exchange for Plaintiff granting a general release to Defendant—that is, in exchange for Plaintiff granting Defendant an individual release that is broader than the release afforded under the terms of the Settlement . . . ." (ECF No. 33 at 11–12.) While Class Counsel points to orders allowing similar awards from the Middle District of Florida, Plaintiff's argument and authorities are not persuasive. (ECF No. 33 at 11 (collecting cases).) Rather, after hearing argument from Class Counsel at the Final Approval Hearing and reviewing applicable law, this Court finds that the supposed "separate payment" is merely a thinly veiled attempt to circumvent *Johnson*. *See Johnson*, 975 F.3d at 1260. *But see Dozier v. DBI Servs., LLC*, No. 18-CV-972, 2021 WL 6061742, at *8 (M.D. Fla. Dec. 22, 2021) (approving a $7,500.00 payment from defendant to class representative as "separate consideration for a general release . . . ."); *Tweedie v. Waste Pro. of Fla., Inc.*, No. 19-CV-1827, 2021 WL 5843111, at *11 (M.D. Fla. Dec. 9, 2021) (same). Accordingly, the request is denied to the extent that this Court will not approve such an agreement in relation to this Action. If the consideration for the general release between Plaintiff and Defendant is, indeed, different than the consideration for the Settlement between the Settlement Class Members and Defendant, then Plaintiff and Defendant would be free to contract outside of this Action. If that is the case, this Court need not approve such an agreement, so it rejects Plaintiff's invitation to do so in the context of this Settlement.

7. **<u>Class Counsel's Application for Attorneys' Fees is Granted in Part</u>**

Class Counsel requests, and Defendant does not oppose, an award of attorneys' fees of $1,415,000.00, equivalent to 33.33% of the Settlement Fund. (ECF No. 33 at 10.). Class Counsel does not request reimbursement of litigation expenses. (*Id.*) The Notice Program informed the Settlement Class Members that Class Counsel would seek up to 33.33% of the Settlement Fund, and no Settlement Class Member objected to Class Counsel's request for fees. (*See generally* ECF No. 34-1 at 5–9.)

Courts in this Circuit consider several factors when evaluating whether an attorneys' fees award is reasonable:

(1) the time and labor required;

(2) the novelty and difficulty of the questions involved;

(3) the skill requisite to perform the legal service properly;

(4) the preclusion of other employment by the attorney due to acceptance of the case;

(5) the customary fee;

(6) whether the fee is fixed or contingent;

(7) time limitations imposed by the client or the circumstances;

(8) the amount involved and the results obtained;

(9) the experience, reputation, and ability of the attorneys;

(10) the 'undesirability' of the case;

(11) the nature and the length of the professional relationship with the client; [and]

(12) awards in similar cases.

*Camden I Condo. Ass'n v. Dunkle*, 946 F.2d 768, 772 n.3 (11th Cir. 1991). In addition, "[t]he United States Supreme Court, the Court of Appeals for the Eleventh Circuit and this Court, have

all expressly approved calculating fees by applying the percentage-of-recovery method to the total value of the settlement." *Janicijevic*, 2021 WL 2012366, at *7. Generally, the benchmark for a reasonable class counsel fee is considered to be between twenty and thirty percent. *Camden I*, 946 F.2d at 775. This benchmark may be adjusted up or down based on the individual circumstances of each case. *See id.* at 774–75; *Waters v. Int'l Precious Metals Corp.*, 190 F.3d 1291, 1294 (11th Cir. 1999) (affirming fee award of thirty-three and one-third percent of a $50 million settlement where district court had used a thirty percent benchmark and adjusted it upwards); *see also Tweedie*, 2021 WL 5843111, at *8 ("Notwithstanding the lack of opposition, courts maintain an independent duty to assess the reasonableness of an award of attorneys' fees under a settlement of a class action."). Indeed, district courts may, upon careful consideration of all relevant factors, reduce an unopposed fee request to an amount it finds is fair and reasonable under the circumstances. *See, e.g.*, *Edwards v. Horizon Staffing, Inc.*, No. 13-cv-3002, 2015 WL 13283397, at *11 (N.D. Ga. Jan. 2, 2015) (reducing class counsel's requested 37% fee award to 30%).

Here, Class Counsel worked extensively and with a high level of skill to advance Plaintiff's claims on an entirely contingency-fee basis. The case involved difficult factual and legal issues arising from Defendant's practice of charging its account holders overdraft fees. But this litigation is not totally novel, as Defendant and Class Counsel concede; Defendant and Class Counsel were involved in overdraft litigation since at least 2017, which resolved approximately a year and a half before this Action was filed. (*Compare* ECF No. 1-2, at 12 (complaint filed in state court against Defendant dated June 3, 2021)), *with* Final Order and Judgment, *Dorsey v. TD Bank, N.A.*, No. 17-1432, ECF No. 36 (D.S.C. Jan. 9, 2020) (approving consolidated class action on January 9, 2020), *and In re: TD Bank, N.A. Debit Card Overdraft Litig.*, No. 15-MN-2613 (D.S.C. Jan. 9, 2020) (same). This Court also recognizes that suing a financial institution for alleged malfeasance is not

particularly "undesirable." This is especially true considering this is the type of case in which Class Counsel specializes as it has "particular skill and experience in bank fee litigation in particular, not just general class action litigation." (ECF No. 33 at 7.)

Due to the unpredictability inherent to litigation, Class Counsel nevertheless faced a significant risk of nonpayment, particularly in light of Defendant's defenses here. (*See* ECF No. 33 at 7 ("Though Class Counsel ha[s] been largely successful in having courts around the country deny motions to dismiss claims premised on claims challenging the assessment of insufficient fees under the theory of liability asserted in this Action, to date none of those cases has been tried to judgment.").) Despite those risks, Class Counsel swiftly obtained an excellent result for the Settlement Class Members. The Settlement Agreement requires Defendant to make a $4,245,000.00 common fund available for the benefit of the Settlement Class to be distributed by direct deposit or check to the Settlement Class Members. That agreement was negotiated independently and before the Parties' agreement with regard to attorneys' fees. To be sure, neither the common fund nor the attorneys' fee agreement was not the product of collusion or fraud. Therefore, this Court gives Defendant's agreement as to the appropriate fee some weight.

The requested fee of 33.33% of the Settlement Fund is higher than the 20% to 30% benchmark fee, *see Camden I*, 946 F.2d at 775, but it is not beyond what courts, including this Court, have awarded when approving class action settlements. *See, e.g., Waters*, 190 F.3d at 1294–96 (affirming district court's award of 33.33% of common fund settlement where district court considered factors set forth in *Camden I* and found that an upward adjustment of 30% benchmark was warranted considering the length and complexity of case); *Rosado v. Barry Univ.*, No. 20-201813-CIV, 2021 U.S. Dist. LEXIS 169196, at *21–22 (S.D. Fla. Sept. 7, 2021) (awarding 33.33% of the common fund settlement as attorneys fees to class counsel where litigation involved

novel disputes arising from COVID-19). But, under *Camden I*, this Court is to look at *similar* cases in determining whether an award to class counsel is reasonable. *See Camden I*, 946 F.2d at 772 n.3.

As Class Counsel provide in its Joint Declaration, in this district, class counsel have been awarded 30% or less of common funds in *similar* class actions. (*See* ECF No. 33-1 at 4–5 (collecting cases)). The many cases in this district involving a similar issue relate to a master case: *In re: Checking Account Overdraft Litigation*, No. 09-md-02036 (S.D. Fla.) (King, J.). In each case, Judge King granted class counsel 30% or less of the common fund in attorneys' fees. *E.g.*, *Tornes v. Bank of Am., N.A.* (*In re: Checking Account Overdraft Litig.*), 830 F. Supp. 2d 1330, 1359 (S.D. Fla. 2011) (awarding fees of 30% of $410 million common fund); *Childs v. Synovus Bank* (*In re: Checking Account Overdraft Litig.*), No. 10-CV-23938, 2015 WL 12642178, at *15 (S.D. Fla. Apr. 5, 2015) (awarding fees of 30% of $3.75 million common fund); *Simmons v. Comerica Bank* (*In re: Checking Account Overdraft Litig.*), No. 10-cv-22958, 2014 WL 12557837, at *12 (S.D. Fla. June 10, 2014) (awarding fees of 30% of $14.58 million common fund); Final Approval Order 22–23, *Case v. Bank of Okla., N.A.* (*In re: Checking Account Overdraft Litig.*), Nos. 11-cv-20815, 09-md-02036 (S.D. Fla. Sept. 13, 2012), ECF No. 2949 (awarding fees of 30% of $19 million common fund);[2] *Sachar v. IBERIABANK Corp.*, Nos. 11-CV-22844, 09-md-02036 (S.D. Fla. Apr. 26, 2012), ECF No. 2657 (awarding fees of 27.5% of $2.5 million common fund).

Accordingly, in consideration of all the *Camden I* factors and the circumstances of this Action, this Court finds it is fair and reasonable to award Class Counsel attorneys' fees at the high

---

[2] This Court notes that Lead Counsel here was involved in the *Case* matter as class counsel for Plaintiffs. *See, e.g.*, Settlement Agreement 7, *Case v. Bank of Okla., N.A.* (*In re: Checking Account Overdraft Litig.*), Nos. 11-cv-20815, 09-md-02036 (S.D. Fla. July 16, 2012), ECF No. 2843-1 ("'Class Counsel' means the firms . . . Kopelowitz Ostrow Ferguson P.A. . . . .").

end of the benchmark: 30% of the Settlement Fund ($1,273,500.00) to be paid from the Settlement Fund as otherwise set forth in the Settlement Agreement. Except as expressly provided herein, each Party shall bear its own fees and costs.

### 8. Release of Claims and Dismissal

The Releasing Parties have fully and irrevocably released the Released Parties of and from all Released Claims. No Releasing Party (Plaintiff of any other Settlement Class Member), either directly, representatively, or in any other capacity, shall commence, continue, or prosecute any action or proceeding in any court or tribunal asserting any of the Released Claims, and they are hereby permanently enjoined from so proceeding.

No one objects to the Settlement and only two Settlement Class Members, Alexander R. MacKenzie and Denis Miranda (identified in Exhibit 1), requested exclusion from the Settlement through the opt-out process approved by this Court. Therefore, all Settlement Class Members who have not opted out of the Settlement shall be bound by all determinations and judgments in this Action concerning the Agreement, whether favorable or unfavorable to the Settlement Class Member. Accordingly, except for Alexander R. MacKenzie and Denis Miranda (identified in Exhibit 1), this Court dismisses this Action on the merits and with prejudice as to all Settlement Class Members' Released Claims. To be clear, Alexander R. MacKenzie and Denis Miranda are not bound by the terms of this Order and are not a members of the Releasing Parties.

### 9. Additional Provisions of the Settlement Agreement

Without affecting the finality of this Order or the separately issued Final Judgment, this Court retains continuing and exclusive jurisdiction over all matters relating to the administration, consummation, enforcement, and interpretation of the Settlement Agreement and of this Order, to protect and effectuate this Order and Final Judgment, and for any other necessary purpose.

The Plaintiff, Defendant, and each Member of the Settlement Class are hereby deemed to have irrevocably submitted to the exclusive jurisdiction of this Court, for the purpose of any suit, action, proceeding, or dispute arising out of or relating to the Settlement, including the exhibits thereto, and only for such purposes. Without limiting the generality of the foregoing, and without affecting the finality of this Order or Final Judgment, this Court retains exclusive jurisdiction over any such suit, action, or proceeding. Solely for purposes of such suit, action, or proceeding, to the fullest extent they may effectively do so under applicable law, the Parties are deemed to have irrecoverably waived and agreed not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of this Court, or that this Court is, in any way, an improper venue or an inconvenient forum.

The Settlement does not constitute an admission, concession, or indication by Defendant of the validity of any claims in this Action or of any wrongdoing, liability, or violation of law by Defendant. To the contrary, Defendant has advised this Court that it believes it is without any liability whatsoever for any of the claims included in the Settlement and is participating in the Settlement to put an end to all such claims and the risks and expense of protracted litigation.

This Court, therefore, approves the distribution of the Net Settlement Fund as set forth in the Settlement. The Court orders the Parties and the Settlement Administrator to implement all payments as set forth in the Settlement, pursuant to this Order.

## CONCLUSION

For the foregoing reasons, the Court: (1) grants Final Approval to the Settlement; (2) appoints Plaintiff as Class Representative; (3) appoints as Class Counsel the law firms and attorneys listed in Paragraph 13 of the Settlement Agreement; (4) awards Class Counsel attorneys' fees in the amount of 30% of the Settlement Fund ($1,273,500.00); (5) directs Class Counsel,

Plaintiff, and Defendant to implement and consummate the Settlement Agreement pursuant to its terms and conditions; (6) retains continuing jurisdiction over Plaintiff, the Settlement Class Members, and Defendant to implement, administer, consummate, and enforce the Settlement and this Final Approval Order; (7) denies the Service Award request; and (8) denies the application for approval of separate payment to Plaintiff from Defendant.

Pursuant to Federal Rule of Civil Procedure 58(a), this Court will enter a Final Judgment dismissing the Action with prejudice by separate order.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 9 day of December, 2022.

_____
JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies furnished to:
All Counsel of Record

## EXHIBIT 1

### LIST OF PERSONS EXCLUDED FROM SETTLEMENT CLASS PURSUANT TO REQUEST

1. Alexander R. MacKenzie
   Tracking Number: 144937

2. Denis Miranda
   Tracking Number: 168421